UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DIAMANTINA P MARQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-07-245 |
| | § | |
| WILSHIRE CREDIT CORPORATION; cp | § | |
| MERRILL LYNCH & CO INC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On this day came on to be considered the "Motion to Extend Joinder Deadline" (D.E. 69), the "Motion for Leave to File Third Party Complaint" (D.E. 71), and the "Motion for Leave to Make Service of Third Party Complaint" (D.E. 70), all filed by Defendant Wilshire Credit Corporation ("Wilshire") on October 30, 2007.

## **DISCUSSION**

On July 20, 2007, this Court entered a Scheduling Order, which states that "THE DEADLINE FOR JOINDER OF PARTIES IS AUGUST 31, 2007." (D.E. 27.)

Two months after the deadline for joinder of parties, Wilshire filed the above-named motions seeking the joinder of "FIS Field Services, a Division of Fidelity National Information Services" ("Fidelity") as a third-party defendant in this action. According to Wilshire's Motion to Extend Joinder Deadline, Fidelity "is a necessary party to the just and complete adjudication of Plaintiff's claims in this lawsuit, pursuant to Fed. Rule Civil Procedure 19. Wilshire has just recently identified Fidelity as a necessary party in the course of discovery." (D.E. 69, at 1.)

Wilshire's Motion to Extend Joinder Deadline continues:

Plaintiff has sued Wilshire for two acts: (1) a 'lock-out' occurrence, which took place on or about December 26, 2003; and (2) attempting to collect a debt which

> Plaintiff claims was not owed. Plaintiff's complaints regarding the lock-out occurrence are based on acts or omissions which were actually performed by an employee of Fidelity pursuant to contract with Wilshire to perform property preservation work for Wilshire in Texas. Wilshire relied on the information provided by Fidelity's inspection of Plaintiff's property in making the determination that the property was likely abandoned and had been vandalized, and Wilshire, based on information from Fidelity, then ordered Fidelity to secure the property by shutting off the utilities, changing the locks, and posting notices that all of this was being done.

(D.E. 69, at 1-2.)

According to Wilshire, Fidelity was hired by Wilshire to perform the acts which are the basis of Plaintiff's suit. If this is true, then no discovery was necessary to identify Fidelity. Fidelity's identity and involvement in this case should have been apparent to Wilshire as soon as Plaintiff filed her original Complaint on May 3, 2007. It is inconceivable that, on October 30, 2007, Wilshire could truthfully assert that "Wilshire has just recently identified Fidelity as a necessary party in the course of discovery." (D.E. 69, at 1.) Wilshire is cautioned that any further misrepresentations to the Court may result in sanctions against Wilshire and/or Wilshire's counsel.

According to the Certificate of Conference, Plaintiff is unopposed to the Motion to Extend Joinder Deadline.[1] As stated in the Court's General Order, the deadline for joinder of parties may be extended by agreement. (D.E. 28, at 1.) Therefore, Wilshire's Motions will be granted pursuant to Federal Rule of Civil Procedure 14(a). However, in light of Wilshire's inexcusable delay in seeking to join Fidelity, this joinder will be subject to Wilshire's claims against Fidelity being severed should Fidelity's joinder threaten any of the "non-extendable"

---

[1] The Court presumes this statement to be an accurate representation.

deadlines listed in the General Order.² See Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.").

## CONCLUSION

The Motion to Extend Joinder Deadline (D.E. 69) is GRANTED. The Court extends the deadline for joinder of parties to allow Wilshire to add Fidelity.

The Motion for Leave to File Third Party Complaint (D.E. 71) is GRANTED. The Clerk of the Court is ORDERED to file Wilshire's proposed third party complaint, which is attached to the Motion for Leave to File Third Party Complaint (D.E. 71) as Exhibit A, effective on the date this Order is filed.

The Motion for Leave to Make Service of Third Party Complaint (D.E. 70) is GRANTED. The Clerk of the Court is ORDERED to issue summons to the named defendant of Wilshire's third party complaint, "FIS Field Services, a Division of Fidelity National Information Services," and Wilshire is granted leave to serve the third party complaint on Fidelity.

SIGNED and ORDERED this 1st day of November, 2007.

_____
Janis Graham Jack
United States District Judge

---

² The "non-extendable" deadlines are: trial date (May 2, 2008), final pretrial conference date (May 1, 2008), joint pretrial order submission date (April 18, 2008), dispositive motion deadline (February 15, 2008), and deadline for requesting a Daubert hearing (February 29, 2008). (D.E. 28 & 27.)